Frank PETERSON; Priscilla Peterson, husband and wife, Plaintiffs–Appellees,

v.

MINIDOKA COUNTY SCHOOL DISTRICT NO. 331, a body Corporate and Politic of the State of Idaho, Defendant–Appellant.

Frank PETERSON; Priscilla Peterson, husband and wife, Plaintiffs–Appellants,

v.

MINIDOKA COUNTY SCHOOL DISTRICT NO. 331, a body Corporate and Politic of the State of Idaho, Defendant–Appellee.

Nos. 95–35041, 95–35185.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1996.

Decided July 8, 1997.

Amended Dec. 30, 1997.

Steven K. Tolman, Tolman Law Office, Twin Falls, Idaho, for defendant-appellant-cross-appellee.

Frederick J. Hahn, Holden, Kidwell, Hahn, & Crapo, Todd J. Wilcox, Boise, Idaho, for plaintiffs-appellees-cross-appellants.

Before: FLETCHER, JOHN T. NOONAN, Jr., and RYMER, Circuit Judges.

### ORDER

Prior report: 118 F.3d 1351.

The opinion filed on July 8, 1997 is amended as follows:

Slip opinion p. 7962, paragraph 1 [118 F.3d at 1354]: In place of the last two sentences in paragraph 1 insert the following:

We hold that summary judgment was properly granted Peterson on these grounds: the District violated his federal constitutional right to practice his religion freely; the District violated his federal constitutional right to provide for the religious education of his children; the District deprived Peterson of property without due process of law; the District broke the contract it had with Peterson; and the District breached the covenants of good faith and fair dealing that it owed Peterson. These five grounds, collectively or alternatively, justify summary judgment for Peterson. We further uphold the jury's award of damages. We remand for an award of attorneys fees to Peterson.

Slip opinion p. 7973, new paragraph before paragraph 12 [118 F.3d at 1359]:

Once it is apparent that the District as of May 6 had decided on what it would do if Peterson remained firm in his decision, the District's motivation is indisputable: the District was motivated to discipline him because of his intent to provide religious home schooling for his children. The dissent objects that nothing shows that the District "factored religion" into its decision. That is not an objection to judgment

for Peterson. In fact, the District's insensitivity to Peterson's free exercise of religion is the essence of the District's problem: without regard to his constitutional right, the District proposed to punish Peterson for exercising his religion. In the same way the District did not "factor in" Peterson's right as a parent to provide for the religious education of his children. That again was part of the District's problem: it proposed to punish Peterson for exercising his parental right to provide for the religious education of his children. The District's posture is similar to that of the state of Wisconsin in *Yoder*. The state of Wisconsin attempted to punish the Amish parents for not sending their children to high school. The state did not "factor in" the religion of the parents and the state did not "factor in" the parents' right as educators; the state simply wanted to punish the parents for not sending their children to high school. The motivation that was fatal to the state in *Yoder* was the motivation to punish persons exercising religious and parental constitutional rights. The District is in no better position.

Judge Fletcher continues to concur in the result.